## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JASON R. VILLEGAS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  5:18-cv-00763 |
| DIVERSIFIED CONSULTANTS, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JASON R. VILLEGAS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a 38 year-old consumer residing in San Antonio, Texas, which is located within the Western District of Texas.

5.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.    In early 2018, Plaintiff began receiving phone calls to his cellular phone, (210) XXX-7957, from Defendant.

8.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7957.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

9.   Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (210) 245-9486.

---

[1] https://www.dcicollect.com/services/

10. Upon information and belief, the aforementioned phone number ending in -9486 is regularly utilized by Defendant during its debt collection activity.

11. Upon speaking with Defendant's representatives, Plaintiff has been informed that Defendant was seeking to collect upon an outstanding telephone bill from Sprint ("subject consumer debt") which Plaintiff purportedly owed.

12. Sprint turned the collection of the subject consumer debt over to Defendant after Plaintiff allegedly defaulted.

13. Plaintiff was confused as to why Defendant was contacting him, as the subject consumer debt was incurred over five years ago.

14. Moreover, Plaintiff was assigned his cellular phone number ending in -7957 approximately three years ago, so Plaintiff was puzzled as to how Defendant obtained his phone number.

15. Upon information and belief, Defendant obtained Plaintiff's cellular phone number ending in -7957 via skip-tracing technology.

16. Upon speaking with Defendant's representatives, Plaintiff has repeatedly told Defendant that its calls were not welcomed.

17. Despite clear notice from Plaintiff that its calls were unwanted, Defendant has continued to call Plaintiff's cellular phone with attempts to collect upon the subject consumer debt up until the filing of the instant action.

18. In addition, Defendant has even contacted Plaintiff at work, and despite Plaintiff notifying Defendant that calling his employer was unwelcome and to stop, Defendant has continued contacting Plaintiff.

19. Plaintiff has received *at least* 55 phone calls from Defendant since asking it to stop calling.

3

20.  Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1996.[2]

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

---

[2] http://www.acainternational.org/search#memberdirectory

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 55 times after he made it clear that he did not wish to receive any more phone calls.  Rather than putting an end to this harassing behavior, Defendant doubled-down by contacting Plaintiff while at work.  Plaintiff has even informed Defendant to stop calling him at work.  This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

30. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to him.

**b.  Violations of FDCPA §1692e**

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop

5

contacting him, Defendant continued to ceaselessly contact Plaintiff via automated calls.  Instead of putting an end to this harassing behavior, Defendant systematically placed at least 55 phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

34. Moreover, Plaintiff never provided Defendant with consent to contact him.   Upon information and belief, Defendant used skip-tracing technology to obtain Plaintiff's cellular phone number.  Accordingly, Defendant used deceptive means to obtain information and collect upon Plaintiff.

### c.  Violations of FDCPA §1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 55 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without Plainitff's permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

37.  Moreover, Defendant purposely and unfairly "spoofed" the phone numbers that it called Plaintiff from, in an attempt to trick Plaintiff into answering.  Defendant purposely changed the area code in which it called from with the ultimate goal of extracting payment from Plaintiff.

38. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JASON R. VILLEGAS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

7

44. Defendant violated § 392.302(4) when it continued to call Plaintiff's cellular at least 55 times after Plaintiff notified it to stop calling.  This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. Further, the nature and volume of phone calls, in and of themselves, would naturally cause an individual to feel oppressed.

45. In addition, Defendant has placed calls to Plaintiff's employer in an attempt to harass Plaintiff into making payment.

### b.  Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), prohibits debt collectors from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated § 392.304(19) through its deceptive means to collect and obtain information about Plaintiff.  Upon information and belief, Defendant deceptively obtained Plaintiff's cellular phone number using skip-tracing technology, as Plaintiff never provided Defendant with consent to contact his cellular phone number.  Furthermore, Defendant deceptively "spoofed" the phone numbers that it called Plaintiff from, in an attempt to trick Plaintiff into answering.

WHEREFORE, Plaintiff, JASON R. VILLEGAS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 24, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Western District of Texas      Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                               Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com